UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:13-cv-02062-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br> ORDER GRANTING PETITIONER'S MOTION TO FILE ADDENDUM (Doc. 7) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on December 18, 2013.  (Doc. 1). On January 6, 2014, Petitioner filed a "motion" requesting leave to file an addendum to his petition that included two additional claims.  (Doc. 7).

**DISCUSSION**

A.  <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

1

corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

A preliminary review of the instant petition has established that none of the claims in the instant petition are exhausted. Accordingly, the petition must be dismissed. Moreover, because Petitioner is presently in pre-trial incarceration, and has yet to be convicted by the state courts, abstention is warranted as discussed below.

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity

2

> to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

The exhaustion requirement is not merely applicable to state prisoners challenging a state criminal conviction and sentence under § 2254; rather, the rule equally applies to pre-conviction state detainees proceeding under § 2241(c)(3).  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)(holding that a petitioner seeking pre-conviction habeas relief must exhaust his claims in state court (1) to permit state courts to fully consider federal constitutional claims, and (2) to prevent federal interference with state adjudications, especially criminal trials); Carden v. Montana, 626 F.2d 82 (9th Cir. 1980)(citing Braden in refusing to find "extraordinary circumstances" justifying interference by federal court in pre-conviction state criminal proceedings raising only a speedy trial issue); Brown v. Ahern, 676 F.3d 899 (9th Cir. 2012)(reaffirming applicability of Carden rule).

Here, Petitioner alleges he is in the custody of the Fresno County Jail in Fresno, California, pending resolution of a criminal charge of possessing an explosive device on a school campus in violation of Cal. Penal Code § 18715(a)(1)(6).  (Doc. 1, p. 2).  Petitioner alleges he has not yet been tried on the pending criminal charges; however, Petitioner maintains that certain illegalities and irregularities have occurred in his criminal case that merit this Court's habeas relief:  an illegal search

of Petitioner's home and subsequent arrest of Petitioner; the State's failure to provide adequate legal resources in the Fresno County Jail for Petitioner to act in his own defense; and illegal charging by the prosecutor of a sentence enhancement that has resulted in an increase in Petitioner's bail.  (Docs. 1 & 7).

As mentioned, however, whether a petitioner is challenging a prior conviction and the resulting prison sentence under § 2254, or is challenging circumstances related to his pre-conviction detention pursuant to § 2241(c)(3), in order to proceed in this Court he must first have exhausted all of his claims by presenting them to the California Supreme Court.  Duncan v. Henry, 513 U.S. at 365; Picard v. Connor, 404 U.S. at 276; Johnson v. Zenon, 88 F.3d at 829.

Here, Petitioner does not allege that he has presented *any* of his claims to the California Supreme Court, or, indeed, to any state court, including the state court that presently has jurisdiction over his criminal case.  From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine.  See id.  Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. at 521-22;  Calderon, 107 F.3d at 760.

C.   Younger Abstention.

Moreover, even if the instant claims were fully exhausted, the Court would not proceed with this petition because Petitioner has yet to be convicted in state court, and his inchoate claims of constitutional violations, such as they are, would be subject to abstention by the federal court pending the outcome of the state prosecution.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  Younger v. Harris, 401 U.S. 37,

43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971).[1]  Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43.  Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994).  Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

      The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

      If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply.  The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 &

---

[1] Although Petitioner does not expressly ask for injunctive relief in his petition, in the portion of the form petition where a petitioner should describe his claims, Petitioner notes that he is "being held and prosecuted unconstitutionally" and that he needs "help ASAP." (Doc. 1, p. 2).  The only conclusion the Court can draw from such language is that Petitioner is seeking injunctive relief of the type proscribed by Younger.

225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

The first requirement is satisfied here because the state proceedings have not been concluded. Indeed, it does not appear that a criminal trial has even been conducted in the state court or that Petitioner has been convicted of any offense based on the charges being prosecuted against him by the State of California. The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. See Dubinka, 23 F.3d at 223.  Finally, the third requirement is met because Petitioner can address his federal constitutional claims related to the allegedly illegal conduct of the prosecutors in the state court criminal proceedings.  Moreover, it does not appear that the state prosecution has been undertaken for bad faith or for purposes of harassment or that the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816.

Additionally, cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54. Where a district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

The Court notes that an additional basis for abstention under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941)("the Pullman doctrine"), appears applicable as well under the facts as pleaded by Petitioner.  Pullman abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court

6


determination of pertinent state law." Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 814 (1976)(citing Pullman). Clearly, Petitioner's complaints can be cured before or during trial, or on direct appeal to the state appellate courts. Under those circumstances, any relief that this Court could afford would indeed be "mooted" by the state court determination. In short, this is neither the time nor the place for federal intervention into the state judicial proceedings.

Finally, to the extent Petitioner contends that the Fresno County Jail is providing inadequate legal resources for Petitioner to represent himself, this is not a legitimate federal habeas claim. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast to a habeas corpus challenge to the fact or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Clearly, Petitioner's complaint regarding the inadequacy of the Fresno County Jail's law library is a "conditions" claim that is not cognizable in federal habeas. Merely because Petitioner has filed a federal habeas petition does not give this Court jurisdiction, carte blanche, to address each and every circumstance of Petitioner's present situation. If Petitioner wishes to pursue his claim regarding the alleged inadequacy of the prison law library, he may do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED assign a United States District Judge to this case.
2. Petitioner's motion to file an addendum to his petition for writ of habeas corpus (Doc. 7), is

GRANTED.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, <u>pursuant</u> to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days <u>after</u> being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **January 8, 2014**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE